# **EXHIBIT B**

12/9/2020 10:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48775534
By: Carolina Salgado
Filed: 12/9/2020 10:46 AM

Cause No. _____

| | | |
|---|---|---|
| SHARAH CURRIER | § § § | IN THE DISTRICT COURT OF |
| v. | § § § § | HARRIS COUNTY, TX |
| WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., WAL-MART EAST INC. and QUALITY LICENSING CORP. | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SHARAH CURRIER, brings this lawsuit complaining of Defendants, WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., and WAL-MART EAST INC., and would respectfully show:

### I.
### DISCOVERY LEVEL

1. Plaintiff requests discovery be conducted under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure. This case is subject to Texas Rule of Civil Procedure 169 because the damages Plaintiff seeks monetary relief between $200,000.00 and $1,000,000.00.

### II.
### REQUEST FOR DISCLOSURE

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests the responding parties produce responsive documents at the undersigned law offices within (50) days of service of this request.

## III.
## PARTIES

3.    Plaintiff, SHARAH CURRIER ("Currier"), is a resident of Harris County, Texas.

4.    Defendant, WAL-MART STORES TEXAS, LLC ("Wal-Mart") is a company organized and existing under the laws of the State of Delaware. This Defendant is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5.    Defendant, WAL-MART STORES, INC. ("Wal-Mart"), is a company organized and existing under the laws of the State of Delaware. This Defendant is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6.    Defendant, WAL-MART EAST, INC. ("Wal-Mart"), is a company organized and existing under the laws of the State of Delaware. This Defendant is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

7.    Defendant, QUALITY LICENSING CORP. ("Quality"), is a company organized and existing under the laws of the State of Texas. This Defendant is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## IV.
## JURISDICTION

8.    The court has jurisdiction over Defendants because they have either done business in Texas, committed a tort in Texas, and/or have had continuous contacts with Texas.

In addition, the damage for which Plaintiff brings suit exceeds the minimal jurisdictional limits of the Court.

## V.
## VENUE

9.  Venue is proper in Harris County, Texas, because all or a substantial part of the events and omissions giving rise to the claim occurred in Harris County.

## VI.
## FACTS

10. On November 13, 2020, Currier was seriously injured while shopping at a Wal-Mart Supercenter located at 12353 FM 1960 Road W., Houston, Texas 77065. The supercenter is owned, controlled and operated by Defendants.

11. Just prior to her fall, Currier was using a self-checkout station at the front of the store. While attempting to complete her purchase, Currier slipped in standing water and fell, twisting her right knee. As she tried to steady herself, Currier fell again.

12. Defendants' employees and managers had knowledge of the standing water but failed to provide any warning to Currier. Furthermore, Defendants failed to clean up the standing water or make the area safe for customers checking out.

13. Following the fall Currier was transported by ambulance to the emergency room where a CT scan revealed torn muscles in her right knee. Currier continues to suffer from pain and impairment related to her fall and require medical treatment.

## VII.
## NEGLIGENCE

14. Defendants owed certain duties to Plaintiff. Defendants breached their duties and were negligent in one or more of the following ways:

   a. Failing to use ordinary care in maintaining the self-checkout kiosk area;

   b. Failing to use ordinary care in inspecting the self-checkout kiosk area;

   c. Failing to use ordinary care in staffing the self-checkout kiosk area;

   d. Failing to properly train and supervise staff regarding hazards posed by standing water;

   e. Failing to properly train and supervise staff regarding inspecting for slip and fall hazards;

   f. Failing to properly train and supervise staff regarding maintaining floors;

   g. Failing to have adequate policies and procedures regarding inspecting for slip and fall hazards;

   h. Failing to have adequate policies and procedures regarding maintaining floors;

15. Defendants' acts and omissions were a proximate cause of Plaintiff's injuries.

## VIII.
## PREMISE LIABILITY

16. Defendants owed certain duties to Plaintiff as an invitee. Defendants possessed, controlled or operated the premise. Defendants knew or should have known of the standing water and its unreasonable risk of harm to invitees. Defendants breached their duties of care by:

4

    a.    Failing to adequately warn invitees of standing water; and

    b.    Failing to make the condition reasonably safe by failing to remove the standing water.

17. Defendants' acts and omissions proximately caused Plaintiff's injuries.

## IX.
## DAMAGES

18. Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money which will fairly and reasonably compensate her:

    a.    The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

    b.    The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

    c.    The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

    d.    The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

    e.    The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

    f.    The amount of reasonable medical expenses necessarily incurred by Plaintiff in the past and will be reasonably incurred in the future; and

    g.    The loss of any earnings sustained by Plaintiff in the past and the loss or reduction of Plaintiff's earning capacity in the future.

## X.
## EXEMPLARY DAMAGES

19. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to others. Furthermore, Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

20. Nevertheless, Defendants proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendants are liable for exemplary/punitive damages.

## XI.
## CONDITIONS PRECEDENT

21. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XII.
## JURY DEMAND

22. Plaintiff DEMANDS A TRIAL BY JURY and submits the appropriate fee.

## XIII.
## PRAYER

23. For the above reasons, Plaintiff prays she has judgment against Defendants, with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other further relief, both in law and equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

THE GIBSON LAW FIRM

_/s/ Jason A. Gibson_

Jason A. Gibson
State Bar No. 24000606
jag@jag-lawfirm.com
Casey L. Gibson
State Bar No. 24090599
cgibson@jag-lawfirm.com
3701 Kirby Drive, Suite 101
Houston, Texas 77098
Ph: (713) 650-1010
Fax: (713) 650-1011

**e-Service: efile@jag-lawfirm.com**
**ATTORNEYS FOR PLAINTIFF**

12/18/2020 10:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49082778
By: Tiffany Jefferson
Filed: 12/18/2020 10:52 AM

CAUSE NO. 2020-78708

| | | |
|---|---|---|
| SHARAH CURRIER<br>　　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC<br>WAL-MART STORES, INC.,<br>WAL-MART EAST INC. and<br>QUALITY LICENSING CORP.<br>　　　Defendant. | §<br>§<br>§ | 61ST  JUDICIAL DISTRICT |

## **DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS, LLC, incorrectly sued as WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC, WAL-MART EAST INC., and QUALITY LICENSING CORP., files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.    **General Denial**

1.    Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendants in Plaintiff's Original and First Amended Petition.

### II.    **Affirmative Defenses**

2.    Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

1

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV. Request for Disclosure

10. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

### V. Prayer

FOR THESE REASONS, Defendant WALMART STORES TEXAS, LLC, incorrectly sued as WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC, WAL-MART EAST INC., and QUALITY LICENSING COR, respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendants WALMART STORES TEXAS, LLC, incorrectly sued as WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC, WAL-MART EAST INC., and QUALITY LICENSING COR and order that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800

3

Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on December 18, 2020, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

4